United States District Court
Southern District of Texas
**ENTERED**
May 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:18-1282-10 |
| | § | CIVIL NO. 2:20-236 |
| DAVINA CLAY, | § | |
|   Defendant/Movant. | § | |

## MEMORANUM OPINION & ORDER

Defendant/Movant Davina Clay filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 596. Now pending is the United States of America's (the "Government") Motion to Dismiss (D.E. 631), to which Movant has responded (D.E. 635).

**I. BACKGROUND**

In December of 2018, Movant and 14 co-defendants were charged in a 12-count superseding indictment. All 15 defendants were charged in Count One with conspiracy to possess with intent to distribute 50 grams of methamphetamine, and Movant alone was charged in Count Two with possession with intent to distribute approximately 7.3 grams of methamphetamine. She eventually pled guilty to Count One pursuant to a written plea agreement in which she waived her right to appeal or otherwise collaterally attack her conviction or sentence, except to raise a claim of ineffective assistance of counsel.

At sentencing, Movant was held accountable for well over 4.5 kilograms of d-methamphetamine, and she received a 2-level enhancement because the methamphetamine was imported from Mexico. After credit for acceptance of responsibility, her total offense level was 37. A criminal history category of II resulted in an advisory Guidelines imprisonment range of 235–293 months. The Court determined that Movant qualified for safety valve, granted a

1

downward variance, and sentenced her to 160 months' imprisonment, to be followed by 4 years' supervised release. Judgment was entered on August 27, 2019. She did not appeal.

On April 13, 2020, Movant filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) and Emergency Release Due to the Corona Virus and the Now "CARES Act," wherein she moved the Court to reduce her sentence to time served and/or probation with home confinement based on "extraordinary and compelling reasons" because she feared contracting COVID-19 while in prison. D.E. 577. The Court denied the motion because Movant did not claim to have been diagnosed with any underlying medical condition(s) that would make her particularly vulnerable to COVID-19 and because she had failed to exhaust her administrative remedies as required under 18 U.S.C. § 3582(c). D.E. 581.

Movant filed her motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on September 20, 2020. The Government moves to dismiss the motion as untimely.

## II. MOVANT'S CLAIMS

Movant's § 2255 motion raises the following claims: (1) trial counsel was constitutionally ineffective because he denied Movant access to her discovery materials after she requested that he produce them; (2) trial counsel was constitutionally ineffective because he failed to file an appeal or go over the pros and cons of an appeal; (3) Movant's sentence was based on an inaccurate drug weight, as she only possessed 7.3 grams of methamphetamine and the rest was just "ghost dope;" and (4) Movant requests to serve the remainder of her sentence on home confinement because she has COVID-19.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's

jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[1] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam). Movant's conviction became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. FED. R. APP. P. 4(b). The Judgment was entered August 27, 2019. Movant's conviction therefore became final on September 10, 2019. She did

---

1. The statute provides that the limitations period shall run from the latest of:

   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

not file her § 2255 motion until September 20, 2020—10 days after the statute of limitations expired on September 10, 2020.

Movant argues that she is nonetheless entitled to equitable tolling due to "testing COVID-19 Positive and her facility being on lockdown." D.E. 596, p. 11. She further states that she "did not have access to the legal library, was unable to purchase mailing supplies and writing supplies, [and] had limited contact with anyone on the outside that could have possibly assisted her." D.E. 635, p. 1. She claims she "filed for an expansion of time before her one year deadline" (*id.*), but no motion was ever received by the Court.

### 1. Motion for Extension of Time

There is no record in the docket that Movant filed a motion to extend the one-year statute of limitations to file a § 2255 motion. Even if she had, "[f]ederal courts lack jurisdiction to consider the timeliness of a Section 2255 motion until it is actually filed." *Leal v. United States*, 2020 WL 5995766, at *1 (N.D. Tex. July 21, 2020), *report and recommendation adopted*, 2020 WL 5993647 (N.D. Tex. Oct. 9, 2020), (citing *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. Apr. 6, 2005) (*per curiam*) ("Before the [§ 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'"); *United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (per curiam) (affirming denial of motion for extension of time to file § 2255 motion because the district court lacked jurisdiction to entertain the motion). *See also Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017) (motion for extension of time, standing alone, is insufficient to toll limitations period for filing § 2255 motion).

## 2. Equitable Tolling

Equitable tolling may allow for a late-filed § 2255 motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy her burden, Movant must show that: (1) she has diligently pursued her rights, and (2) some extraordinary circumstance stood in her way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365. The Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) (emphasis in original).

The Fifth Circuit has held that lack of access to an adequate prison law library may toll the one-year limitations period to file a federal habeas petition in some circumstances. *Egerton v. Cockrell*, 334 F.3d 433, 438–39 (5th Cir. 2003). However, in order to toll the limitations period, the lack of library access must have "actually *prevented* [the petitioner] from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original). *See also Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) ("[I]gnorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling.").

"[S]ome courts have held that the [COVID-19] pandemic, while making it more difficult to complete and file a petition, did not *prevent* its filing, and was, therefore, not an impediment within the meaning of the statute." *Evans v. Fitch*, 2021 WL 151758, at *3 (S.D. Miss. Jan. 17,

2021) (emphasis in original) (citing *United States v. Pizarro*, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021); *United States v. Barnes*, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020); *Cook v. Nelsen*, 2020 WL 6136619 (D. S.C. Sept. 30, 2020)). *See also United States v. Caldwell*, 2020 WL 2849997, at *2 (S.D. Tex. June 1, 2020) ("Even if prison law libraries are closed due to the current COVID-19 pandemic, prison mail systems are not. The Bureau of Prisons' COVID-19 Modified Operations Plan has not prevented inmates from filing motions and responses in other cases . . . .").

Moreover, "[d]uring the COVID-19 pandemic, courts have found that prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to the lockdowns." *United States v. Thomas*, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) (citing *Barnes*, 2020 WL 4550389, at *2 ("Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay. COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020."); *United States v. Mayfield*, 2020 WL 1663582, at *1 (D. Neb. Apr. 3, 2020) (when, "as a result of the COVID-19 pandemic, [a prisoner's] access to the law library has been limited, preventing him from completing his motion," equitable tolling is only appropriate if the motion "was diligently pursued")). *See also Piper v. United States*, 2021 WL 1250328, at *2 (N.D. Tex. Apr. 5, 2021) (prisoner was not entitled to equitable tolling where he "d[id] not offer any explanation of what happened during the nine months prior to" the COVID-19 lockdowns, "when he should have been preparing his motion"). "On the other hand, courts have found that prisoners were entitled to equitable tolling when presented with evidence showing that the prisoners' diligent pursuit of their right to file a §

2255 motion had been interrupted by the COVID-19 pandemic." *Thomas*, 2020 WL 7229705, at *2 (citing *Fitzgerald v. Shinn*, 2020 WL 3414700, at *2 (D. Ariz. June 22, 2020)).

Here, Movant has offered no evidence that she tested positive for COVID-19 or ever became ill from the virus. She has also failed to provide any explanation as to why she could not have filed her § 2255 motion during the first six months of her sentence, before the BOP enacted COVID-19 restrictions in March of 2020. *See Piper*, 2021 WL 1250328, at *2; *Barnes*, 2020 WL 4550389 at *2. The record in this case further belies Movant's claim that she was unable to purchase writing and mailing supplies due to COVID-19 restrictions. She maintains that her "request for an expansion of time was handwritten, placed in an envelope with the proper postage and then placed in the outgoing mail." D.E. 635, p. 2. As noted *supra*, she was also able to file a motion for compassionate release in April of 2020. *See Pizarro*, 2021 WL 76405, at *2 ("Here, Pizarro presents no evidence that any diminished library access "actually *prevented*" him from filing – indeed, Pizarro *did* file an earlier motion seeking an extension of time to file a habeas petition.").

In sum, Movant has presented no facts suggesting that she has diligently pursued her rights or that some extraordinary circumstance prevented her from timely filing her § 2255 motion. The Court therefore finds the motion is untimely.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to her claims.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 631) is **GRANTED**, Movant's motion under 28 U.S.C. § 2255 (D.E. 596) and Motion to Grant Movant's § 2255 Motion (D.E. 629) are **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 18th day of May, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE